UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| In re Joshua J. Andrea, ) | Bankruptcy Case 18-80357 |
| ) | |
| Debtor. ) | |
| ) | |
| ──────────────────── ) | |
| ) | |
| Michael Draka, ) | |
| ) | Adversary No. 18-96014 |
| Plaintiff, ) | |
| v. ) | Chapter 7 |
| ) | |
| Joshua J. Andrea, ) | Judge Thomas M. Lynch |
| ) | |
| Defendant. ) | |

## MEMORANDUM DECISION

Michael Draka was thrown from his motorcycle in a collision with Joshua Andrea on Route 25 one summer evening.[1] Eventually, Mr. Draka obtained a $1 million default judgment in state court for his injuries. After Mr. Andrea filed for relief under Chapter 7 of the Bankruptcy Code, Mr. Draka commenced this adversary proceeding to seek a determination that the judgment is non-dischargeable under Section 523(a)(6) of the Bankruptcy Code.

Now before the court is the Plaintiff's motion for summary judgment. Mr. Draka asserts that the undisputed record presents no genuine issue of material fact and that the state court judgment estops the Debtor from now challenging the

---

[1] Putting to the test the notion that "the motorcycle is primarily a mental phenomenon." ROBERT M. PIRSIG, ZEN AND THE ART OF MOTORCYCLE MAINTENANCE 122 (HarperTorch 1999) (1974).

Plaintiff's allegations of Debtor's willfulness and malice. For the reasons discussed below, we disagree.

## JURISDICTION

Discharge is a right that is expressly created by title 11 and would have no existence if not created by the Bankruptcy Code. Thus, proceedings on an objection to a debtor's discharge or to object to the dischargeability of a debt arise in a case under title 11. *Kontrick v. Ryan*, 540 U.S. 443, 447–48 (2004). Therefore, this Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) in which this court has constitutional authority to enter final orders. *See, e.g., In re Yotis*, 521 B.R. 625, 631 (Bankr. N.D. Ill. 2014) (citing *Stern v. Marshall*, 131 S. Ct. 2594, 2618 (2011)).

## PROCEDURAL BACKGROUND

The Debtor lists in his bankruptcy schedules a general unsecured claim of Michael Draka for $1,033,141.17, described as "McHenry County Case No. 2016 LA 280." Mr. Draka commenced this adversary proceeding on April 2, 2018, to determine the non-dischargeability of that debt under 11 U.S.C. § 523(a)(6).[2] Attached to his

---

[2] This adversary complaint was less than artfully drafted. Count II requested attorneys' fees and expenses pursuant to an inapplicable Georgia statute. During oral argument plaintiff's counsel conceded the mistake and orally withdrew that count. (*See* ECF No. 33.) The complaint also contained a request for a money judgment, without regard for the statutory elimination of bankruptcy judges' authority to adjudicate personal injury tort claims. 28 U.S.C. § 157(b)(2)(B) and (5). The Plaintiff's counsel confirmed at oral argument on November 28, 2018, that his client seeks only a finding of non-dischargeability, not a money judgment. Finally, the Complaint contains several stray references to an "object[ion] to Debtor's discharge" or requesting a "denial of discharge of debt." However, the Complaint neither cites Section 727(a) of the Bankruptcy Code

complaint is a certified copy of an order entered by the Twenty-Second Judicial Circuit Court (McHenry County) in favor of Mr. Draka and against the Debtor (the "McHenry Court Order"). The bottom of the form order contains the following handwritten notation: "Judgment is hereby entered for Plaintiff Michael Draka and against Joshua Andrea, Defendant, for his wilfull [sic] and malicious conduct on 8/14/14 that harmed the [plaintiff] and his property after hearing [plaintiff's] evidence for liability : damages." (ECF 1-1 at Pgs. 1-2.) In his adversary complaint the Plaintiff alleges that the "basis for the willful and malicious finding was from an occurrence on or about August 14, 2014, wherein it was adjudicated that Josh Andrea willfully drove his motorcycle into the rear tire of Michael Draka's motorcycle while riding upon Route 25 in Kane County, Illinois." (Compl. ¶8.)

The Debtor denied several of Draka's material allegations in his answer. After the expiration of the discovery deadline, the Plaintiff filed this motion. Asserting that there is no genuine dispute as to the material facts, Mr. Draka further relies on the McHenry Court Order to argue that the state court's judgment determined that the debt is for willful and malicious injury to him and his property so as to preclude this court's further consideration of that issue. Together with the certified copy of the order, the Plaintiff submitted an undated, signed declaration of an alleged eye

---

nor alleges any grounds for denial of discharge. Instead, the title and content of Count I to the Complaint, "Denial of Discharge of Debt – 11 U.S.C. § 523(a)(6)," make clear that the Plaintiff seeks only a determination of non-dischargeability of his judgment debt. Such determination is all that is requested by his motion for summary judgment. In any event, the Plaintiff has not sought to vacate the discharge order previously entered in the bankruptcy case. (*See* Bankr. No. 18-80357 at ECF No. 22.) This court therefore finds any stray references to an objection to discharge or denial of discharge to be unintended, and that any contrary argument that the Plaintiff seeks such a determination having not been raised is, therefore, waived.

witness to the accident in support of his motion.[3] (ECF Nos. 15, 15:2 (Exhibit B).) In his reply brief (ECF No. 27) and at oral argument, the Plaintiff further argues that the McHenry Court Order contained an express finding that the Debtor's conduct was "willful and malicious," which collaterally estops the Debtor from contesting summary judgment.

In his response, the Debtor denies certain material facts asserted by the Plaintiff and alleges additional facts, supporting both with his declaration.[4] (ECF No. 25.) Among other things, the Debtor alleges that his motorcycle "contacted" the Plaintiff's vehicle "as a result of Michael Draka moving into [his] part of the lane" and denies that his actions were intentional. (ECF No. 25-2 (Decl. ¶¶ 5,9).) The Debtor also disputes the collateral estoppel argument, asserting that the issues of willfulness and maliciousness were not "actually litigated" in the state court, and submits a copy of the state court complaint and the transcript of the state court proceeding after which the McHenry Court Order was entered. (ECF No. 25-5.) Following submission of the Plaintiff's reply brief and response to the Debtor's statement of facts this court conducted a hearing on the motion during which, as discussed above, the Plaintiff's

---

[3] Curiously, the Plaintiff also attached his "Rule 26 Disclosures." That document, however, merely discloses the Plaintiff and witness Klatka to be potential witnesses, stating further that the "Plaintiff is currently in possession of no documents other than case filings," without explanation how this item supports his Rule 56(c)(1) statement of uncontested facts. The Plaintiff's motion for summary judgment did raise a collateral argument that the Debtor failed to tender evidence or witness disclosures pursuant to Fed. R. Civ. P. 26 and should therefore be prohibited from presenting any evidence in response to the Motion. However, during the oral argument on the motion, his counsel conceded that there is a factual dispute as to his Rule 26 argument and that he did not seek sanctions under Rule 37 and withdrew his Rule 26 argument.

[4] The Debtor's Response also attached a declaration of Debtor's counsel, disputing the Plaintiff's allegation that he had not tendered Rule 26 disclosures.

counsel clarified his motion, withdrawing certain claims and arguments.

## FACTS

The court has closely reviewed the parties' respective statements of facts and responses pursuant to Local Rules 7056-1 and 7056-2. It finds that the following material facts are not in dispute.

On August 14, 2014, the Debtor and the Plaintiff were among a group of persons riding motorcycles on Route 25 in Kane County, Illinois. At some point, they accelerated and Andrea's motorcycle "came into contact" with Draka's. Both drivers lost control of their motorcycles and were ejected. Michael Klatka, the third-party declarant here, was an eyewitness to the event.

In 2017, Mr. Draka brought suit against Mr. Andrea in the McHenry County court seeking money damages for personal injuries sustained as a result of the collision. His complaint averred that certain alleged negligent acts or omissions of Mr. Andrea caused the collision and the resulting personal injuries and pain and suffering. That pleading did not assert that the defendant's conduct was willful or malicious. The records of the circuit court disclose that Mr. Andrea entered his own appearance and that he never responded to the state court complaint. The limited court record does not show that an attorney appeared for the Defendant in the McHenry County proceedings.

The state court scheduled a final pre-trial hearing for October 6, 2017 and conducted an evidentiary hearing on October 10, 2017. The Defendant did not attend the evidentiary hearing which began with the judge defaulting the Defendant after

taking note that no answer had been filed. The court then took up the damages and heard the testimony of Mr. Draka. The Plaintiff briefly described seeing the headlights of the Debtor's and Mr. Klatka's motorcycles in his rear-view mirror and then "just flying through the air." (Tr., ECF 25-5, p. 4:1-5.) Recalling hitting the ground and receiving aid from responders, the Plaintiff then proceeded to testify about his injuries and the medical attention, diagnoses and treatments he received, his medical expenses, his current mental and physical condition. and his overall well-being. (*Id.* at 4:1-20 *et seq.*) At the court's prompting, Mr. Draka also testified about his lost wage claim. (*Id.* at 15:12-21.) The court concluded the evidentiary portion of the hearing stating "[s]o liability has already been established on the defendant by virtue of the default" and asked Plaintiff's counsel for his request. (*Id.* at 16:16-18.) Counsel answered that $2-1/2 million is sufficient "given the severity of the crash, the injuries, Mr. Draka's age, [and] the likelihood of spinal problems." (*Id.* at 16:19-22.) The court then concluded the proceeding stating: "All right. I will award – and round it off - $1,000,000 by way of judgment. Okay." (*Id.* at 17:2-3.) The transcript does not refer to nor reveal evidence of willful or malicious conduct, or that the court made or was asked to make a finding whether the Defendant so acted.[5]

After the hearing the Debtor's attorney used a court form to prepare the proposed judgment order. (ECF No. 15-1 (Ex. A).) The form stated, without checking the accompanying selection "box", "Defendant(s) having failed to appear or otherwise

---

[5] Nor does the state court record reveal that the Plaintiff presented evidence of or asked the court to award him monetary relief for property damages.

respond to the summons, is found in default. Judgment for Plaintiff(s) against Defendant(s) for $1,000,000 plus interest of $____ plus attorney fees of $____ for a total of $1,000,000 plus court costs." (ECF No. 25-4 at Pg. 31.) At the bottom of the form, Plaintiff's counsel additionally wrote in that the judgment was entered for Defendant's "wilfull and malicious conduct." (*Id.*) There were no further proceedings before the court before the judge signed and entered the order on October 10, 2017.

## DISCUSSION

The court shall grant a motion for summary judgment where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a), as incorporated by FED. R. BANKR. P. 7056. On a request for summary judgment, "the court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (quoting *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003)). "The party that bears the burden of proof for an issue at trial must cite the facts which it believes [would] satisf[y] that burden and demonstrate why the record is so one-sided as to rule out the prospect of a finding in favor of the non-movant." *Bunch v. United States*, 880 F.3d 938, 941 (7th Cir. 2018) (alteration in original) (internal quotations omitted) (quoting *Hotel 71 Mezz Lender LLC v. Nat'l Ret. Fund*, 778 F.3d 593, 601 (7th Cir. 2015)). "Once the moving party meets its burden, summary judgment is proper if the non-moving party 'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and

on which that party will bear the burden of proof at trial.'" *Creditor's Comm. of Jumer's Castle Lodge, Inc. v. Jumer*, 472 F.3d 943, 946 (7th Cir. 2007) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

For purposes of summary judgment, a genuine dispute of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. "We consider all of the evidence in the record in the light most favorable to the non-moving party, and we draw all reasonable inferences from that evidence in favor of the party opposing summary judgment." *Dunn v. Menard, Inc.*, 880 F.3d 899, 905 (7th Cir. 2018) (internal quotation omitted) (quoting *Feliberty v. Kemper Corp.*, 98 F.3d 274, 276–77 (7th Cir. 1996)). The court makes this determination in light of the evidentiary standard that would be used at trial. *Valley Liquors, Inc. v. Renfield Imps., Ltd.*, 822 F.2d 656, 659 (7th Cir. 1987) (*citing* Anderson, 477 U.S. at 252).

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

FED. R. CIV. P. 56(c)(1). "All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." Bankr. N.D. Ill. R. 7056-2(B). If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may consider the fact undisputed for purposes of the motion or grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it. FED. R. CIV. P. 56(e). "[A] party will be successful in opposing summary judgment only when they present definite, competent evidence to rebut the motion." *United States v. Luce*, 873 F.3d 999, 1008 n.31 (7th Cir. 2017) (quoting *Smith v. Severn*, 129 F.3d 419, 427 (7th Cir. 1997)).

The Plaintiff asserts a single claim under Section 523(a)(6) of the Bankruptcy Code, which excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). "Willfulness requires a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." *Gerard v. Gerard*, 780 F.3d 806, 811 (7th Cir. 2015) (internal quotation omitted) (quoting *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998) (emphasis omitted)). It is "judged by an objective standard" and "can be found either if the debtor's motive was to inflict the injury, or the debtor's act was substantially certain to result in injury." *Gerard*, 780 F.3d at 811; *First Weber Grp.*,

*Inc. v. Horsfall*, 738 F.3d 767, 774 (7th Cir. 2013) (internal quotation omitted) (quoting *Bukowski v. Patel*, 266 B.R. 838, 844 (E.D. Wis. 2001)). A debt "attributable to negligent or reckless conduct" does not fall within the terms of Section 523(a)(6). *Kawaauhau*, 523 U.S. at 59. Maliciousness "requires that the debtor acted in conscious disregard of [his] duties or without just cause or excuse," but "does not require ill-will or specific intent to do harm." *Horsfall*, 738 F.3d at 774 (alteration in original) (internal quotation omitted) (quoting *Matter of Thirtyacre*, 36 F.3d 697, 700 (7th Cir. 1994)).

*Genuine Issue of Material Fact.*

Here, the Debtor raises a genuine issue of fact as to whether he acted with the requisite willfulness or malicious intent. While the Debtor admits that his motorcycle and the Plaintiff's motorcycle collided on August 14, 2014, he disputes that he intentionally or maliciously caused the collision and resulting injury. (Response to Statement of Facts, ECF No. 25, ¶¶1-2, 4-8, 12-18.) Mr. Andrea supports these denials and additional factual allegations with his own declaration made under penalty of perjury which specifically denies, among other things, that he "aggressively twist[ed] [his throttle] hand or go full throttle" and alleges that Mr. Draka moved into the Debtor's part of the lane "without warning." (Andrea Decl., ECF No. 25:2, ¶¶4-7.) Such declaration is "a legitimate method of introducing facts on summary judgment." *McKinney v. Office of Sheriff of Whitley County*, 866 F.3d 803, 814 (7th Cir. 2017) (quoting *Widmar v. Sun Chemical Corp.*, 772 F.3d 457, 459–60 (7th Cir. 2014)).

The conflict with the Plaintiff's declarations presents a genuine issue of fact as to a material issue "sufficient to thwart" the motion for summary judgment here. *Id* (citing cases). It is not for the court to now resolve the factual dispute. *In re Van Der Laan*, 556 B.R. 366, 372 (Bankr. N.D. Ill. 2016). As the Seventh Circuit stresses, "a court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts on summary judgment, and must avoid[] the temptation to decide which party's version of the facts is more likely true." *Rowlands v. United Parcel Serv. - Fort Wayne*, 901 F.3d 792, 798 (7th Cir. 2018) (internal quotations omitted). Instead, such a factual dispute is to be resolved through trial. *See 520 S. Michigan Ave. Assocs., Ltd. v. Unite Here Local 1*, 760 F.3d 708, 728–29 (7th Cir. 2014) ("credibility ... determinations are appropriate only at trial").

*Issue Preclusion / Collateral Estoppel.*

The Plaintiff, however, now further argues that the McHenry Court Order is a final judgment whose preclusive effect requires a summary determination by this court that his debt is non-dischargeable. But the transcript of the proceedings from McHenry County reveal that the order issued after entry of a default judgment on liability followed by prove-up testimony by the plaintiff as to his damages. The Debtor was not present and, as conceded by the Plaintiff during oral argument on the pending motion, the Plaintiff did not ask the state court to make a finding of willful and malicious injury during the hearing. Nor did the judge direct him to put that language in the proposed order the attorney scratched out at the hearing's conclusion.

Congress committed the determination of non-dischargeability under Section 523(a)(6) to bankruptcy courts both to stop abuse by creditors who "had taken advantage of debtors who were unable to retain counsel because bankruptcy had stripped them of their assets" and to take such dischargeability "claims away from state courts that seldom dealt with the federal bankruptcy laws and to give those claims to the bankruptcy court." *Brown v. Felsen*, 442 U.S. 127, 135–36 (1979). The principle of *res judicata* or "claim preclusion" does not "confin[e a bankruptcy court] to a review of the judgment and record in the prior state-court proceedings when considering the dischargeability" of a debt under Section 523(a)(6). *Id.* at 138–39. However, issue preclusion or "collateral estoppel principles do indeed apply in discharge exception proceedings pursuant to § 523(a)." *Grogan v. Garner*, 498 U.S. 279, 285 n.11 (1991). Therefore, a "creditor may invoke issue preclusion to avoid litigation of the elements necessary to meet a § 523(a) exception." *Gerard*, 780 F.3d at 810 (citation omitted).

"Federal courts must give state court judgments the same preclusive effect as a court in the rendering state, applying that state's law." *Gambino v. Koonce*, 757 F.3d 604, 608 (7th Cir. 2014) (quoting *Jensen v. Foley*, 295 F.3d 745, 748 (7th Cir. 2002) (internal quotation marks omitted)). Because the judgment the Plaintiff relies upon was rendered by an Illinois state court, the law of Illinois determines the extent to which it should be given preclusive effect. *Id.* Under Illinois law, "collateral estoppel requires that (1) the issues decided in the prior adjudication are identical to issues presented for adjudication in the current proceeding; (2) there be a final

judgment on the merits; and (3) the party against whom estoppel is asserted was a party or in privity with a party in the prior action." *Id.* (internal quotation omitted) (quoting *Am. Family Mut. Ins. Co. v. Savickas*, 739 N.E.2d 445, 451 (Ill. 2000)). In addition, (4) "the party sought to be bound must actually have litigated the issue in the first suit" and (5) "a decision on the issue must have been necessary to the judgment in the first litigation." *Id.* While neither the Illinois Supreme Court nor the Seventh Circuit has definitively ruled on the issue, most courts have concluded that Illinois adheres to the majority rule that default judgments are not entitled to collateral estoppel effect because they are not "actually litigated." *See, e.g., Cavagnetto v. Stoltz*, No. 13 C 3805, 2013 WL 5926124, at *5 (N.D. Ill. Nov. 4, 2013).[6]

The court finds that the Plaintiff has failed to demonstrate that the Debtor actually litigated the issue of malice and willfulness in the state court proceeding or

---

[6] *See, e.g., In re Fakhuri*, 583 B.R. 915, 920 n.5 (Bankr. N.D. Ill. 2018); *In re Wease*, 2016 WL 8078316 (Bankr. C.D. Ill. Nov. 28, 2016); *In re Juma*, 530 B.R. 682, 688 (Bankr. N.D. Ill. 2015), *aff'd sub nom. R & J Constr. Supply Co., Inc. v. Juma*, 542 B.R. 237 (N.D. Ill. 2015); *In re Hildebrandt*, No. 08-A-00336, 2012 WL 260036, at *4 n.5 (Bankr. N.D. Ill. Jan. 27, 2012); *In re Jacobs*, 448 B.R. 453, 470 (Bankr. N.D. Ill. 2011); *In re Nikitas*, 326 B.R. 127, 131 (Bankr. N.D. Ill. 2005) (discussing in depth rulings of Illinois appellate courts on the issue and concluding that the only Illinois opinion truly addressing the issue found default judgments not to have collateral estoppel). *See also S & S Automotive v. Checker Taxi Co.*, 520 N.E.2d 929, 930 (Ill. App. Ct. 1988); *In re Catt*, 368 F.3d 789, 791 (7th Cir. 2004) (finding that Indiana was among the "significant minority of states ... allowing findings made in default proceedings to collaterally estop, provided that the defaulted party could have appeared and defended if he had wanted to"). *But see Matter of Caton*, 157 F.3d 1026, 1028–29 (5th Cir. 1998) (noting split in authority among lower Illinois courts but concluding that Illinois courts would apply collateral estoppel to default judgments); *In re Paternity of Rogers*, 697 N.E.2d 1193 (Ill. App. Ct. 1998); In re Dealey, No. 05-80573, 2006 WL 211944, at *2 (Bankr. C.D. Ill. Jan. 25, 2006) (agreeing that usually Illinois courts do not apply collateral estoppel to default judgment, but suggesting based on non-Illinois law that even for a case denominated as "default," where "the defendant fails to appear for trial after having appeared and participated in earlier stages of the litigation ... the doctrine of collateral estoppel may be applied because courts believe that a defendant should not be permitted to end-run the finality of the judgment simply by not showing up for trial") (citations omitted).

that the issue was necessary to the judgment in the state court litigation. The undisputed record of the state court proceedings makes clear that the Debtor did not appear or present evidence at the hearing on October 10, 2017, which consisted of an uncontested damages prove-up. (*See generally* ECF 25-5.) According to the transcript of that hearing, when the Plaintiff's attorney suggested that he would file a motion for entry of default, the judge interrupted: "I can do it orally. I don't see an answer having been filed. So on that basis, I will default." (ECF No. 25-5 at 2:14-19).

> THE COURT: So then the issue becomes one of damages. Is the complaint verified?
> MR. CRONAUER: It is not, but I do have the plaintiff here --
> THE COURT: Okay.
> MR. CRONAUER: -- as well as a witness.
> THE COURT: All right. Why don't you bring them on up.
> MR. CRONAUER: Okay.
> THE COURT: And then we'll proceed.

(ECF 25-5 at 2:20-24, 3:1-5).[7] Later, the judge concluded that "liability has already been established on the defendant by virtue of the default." (ECF 25-5 at 16:16-17.) The McHenry Court Order, the form order on which the Plaintiff now relies, itself states "Defendant(s) having failed to appear or otherwise respond to the summons, is found in default. Judgment for Plaintiff(s) against Defendant(s) for $1,000,000 plus interest of $\_\_\_\_ plus attorney fees of $\_\_\_\_ for a total of $1,000,000 plus court costs." (ECF No. 25-4 at Pg. 31.) Although the selection "box" for this part of the form order is not checked, it is the only place in the order where the amount of the award is

---

[7] The court later ruled there was no need to present the second witness as the defendant "already defaulted." (*Id.* at 16:10-14.)

stated: the $1,000,000 judgment amount being handwritten on two separate lines found in that section. (*Id.*)

The court need not determine at this time whether Illinois law has a bright line rule that default judgments lack or have preclusive effect. The Plaintiff has failed to demonstrate that the McHenry County order precludes the Debtor from contesting in the bankruptcy proceeding that the judgment is for a willful and malicious injury. The Illinois Supreme Court cautions that "[e]ven when the threshold requirements are satisfied, the doctrine [of collateral estoppel] should not be applied unless it is clear that no unfairness will result to the party sought to be estopped." *Savickas*, 739 N.E.2d at 451. For such a determination, the court notes the potential relevancy of "the party's incentive to litigate the issue in the prior action" because even "a party who did litigate an issue in a prior case might not be estopped by the result therein if he can show that the original litigation was a side show rather than a struggle to the finish." *Id.* (internal quotation omitted) (quotation omitted).

Here, the Plaintiff has failed to demonstrate that the Debtor had sufficient incentive to litigate the issue of willfulness or malice or that it was necessary to the judgment. The October 10, 2017 order was not accompanied by any findings of fact or conclusions of law. Nor does the transcript show that the court made any oral findings or conclusions other than finding the Debtor in default and awarding damages of $1,000,000 to Mr. Draka for his personal injuries. There are no references to willfulness or malice in the hearing transcript. When asked during oral argument on November 28, 2018 about the handwritten statement at the bottom of the form order

"Judgment is hereby entered for Plaintiff Michael Draka and against Joshua Andrea, Defendant, for his wilfull [sic] and malicious conduct on 8/14/14 that harmed the [plaintiff] and his property after hearing [plaintiff's] evidence for liability : damages", (ECF 25-4 at Pg. 31), counsel for the Plaintiff admitted that he wrote that language on the order form he prepared for the court without being instructed to do so by the state court judge.

It has not been shown that the Debtor was or should have been aware that such a finding would be made if he did not appear at trial. Indeed, the two-page state court complaint did not allege willful, malicious, or even intentional conduct by the Debtor. Instead, it alleged that "the negligence of the Defendant, JOSHUA J. ANDREA, was the proximate cause of the collision and the personal injuries alleged in this complaint" and that the Debtor breached his duty to operate his vehicle in a safe and reasonable manner "by operating his vehicle in a careless and negligent manner." (ECF No. 25-4 at Pgs. 29-30).

Nor does the October 10, 2017 transcript show that any evidence was presented to the state court judge from which he could find willfulness or malice.[8] Instead, the testimony of the Plaintiff – the only witness who testified – largely concerned his injuries, medical bills and post-collision condition. While the transcript shows that the Plaintiff testified to the state court, Illinois bankruptcy courts have noted that under Illinois law, "[e]ven where the court determines specific damages based on

---

[8] The only testimony regarding the Debtor was his testimony that "I remember looking in my mirror, seeing one headlight which was Mike [Klatka], and then seeing another headlight, which was Josh. By the time I turned my head straight, I'm just flying through the air." (ECF No. 25-5 at 4:1-5; *see also id.* at 8:3-10.)

verified pleadings and an evidentiary prove-up hearing, that does not remedy the lack of actual, contested litigation." *In re Wease*, 2016 WL 8078316 (Bankr. C.D. Ill. Nov. 28, 2016) (quoting *In re Reyes*, 2008 WL 2020501 (Bankr. C.D. Ill. May 9, 2008)).

The Plaintiff argues that the Debtor participated early in the state court proceedings and had the opportunity to fully participate. But he has failed to demonstrate that the Debtor was sufficiently aware of the possibility that the state court might make a determination as to willfulness or malice – and thereby potentially affect his future right to bankruptcy discharge – as to justify collaterally estopping him from contesting such issue in this case.

As such, the Plaintiff has not shown that the state court judgment precludes this court from determining the dischargeability of the judgment debt under Section 523(a)(6).

## CONCLUSION

For the foregoing reasons, the Plaintiff's motion for summary judgment will be denied. A separate order shall be entered giving effect to the determinations reached herein.

DATE: February 1, 2019

ENTER

_____
Thomas M. Lynch
United States Bankruptcy Judge